UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAULINE LESLIE,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil No. 20-12264-MBB |
| JUDGE JANICE W. HOWE,<br>    Defendant. | )<br>)<br>)<br>)<br>) |  |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

December 29, 2020

Bowler, M.J.

For the reasons set forth below, the Court will order that plaintiff's motion to proceed *in forma pauperis* be granted, the summons be withdrawn, the hearing cancelled and this action be REASSIGNED to a District Judge for further proceedings, and makes RECOMMENDATIONS to the District Judge to whom the case is assigned, as follows.

I.  BACKGROUND

On December 21, 2020, Pauline Leslie, a resident of Massachusetts, filed a complaint seeking declaratory and injunctive relief against a justice of the Massachusetts Superior Court. *See* Complaint ("Compl."), Docket No. 1.  Plaintiff's complaint consists primarily of a recounting of events surrounding the dismissal of her medical malpractice complaint against an independent medical examiner and the recent order of the Massachusetts Appeals Court affirming the dismissal.   Plaintiff, proceeding *pro se*, states that she was an attorney as of June 2009.  Compl. at ¶ 10.  She complains that the defendant judge's actions violated her constitutional rights pursuant to 42 U.S.C. § 1983, as well as the privacy provisions of the Health

Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, et seq.  Id. at ¶¶ 3, 4.

This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Docket No. 2.  The clerk issued a summons and notice of scheduling conference.  Docket Nos. 3, 4.

On December 23, 2020, plaintiff filed a motion for leave to proceed *in forma pauperis*.  Docket No. 5.

II.   DISCUSSION

Upon review of the plaintiff's motion to proceed *in forma pauperis*, the Court concludes that she has shown that she is without assets to pay the filing fee.  Accordingly, motion is allowed.

Plaintiff's complaint is subject to dismissal for the following reasons.  HIPAA does not create a private cause of action. *See Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (where plaintiffs conceded that HIPAA does not create a private right of action, district court properly dismissed plaintiffs' claims on this basis).  Additionally, this court is without jurisdiction to review and reject state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923);  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (citation and quotations omitted).  It applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.*  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive

the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* Although the *Rooker-Feldman* doctrine does not bar a general challenge to the constitutionality of a state law, the doctrine would bar federal jurisdiction "if the relief sought in federal court is directed towards undoing the prior state judgment." *Id.* at 51 (quoting *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 34 (1st Cir. 2004)). Here, plaintiff challenges the defendant judge's rulings in the superior court action. Thus, the *Rooker-Feldman* doctrine deprives this court of jurisdiction to provide plaintiff the relief she seeks.

III.     ORDER AND RECOMMENDATION

In accordance with the foregoing the, Court orders as follows:

1.   Plaintiff's motion to proceed *in forma pauperis* is ALLOWED.

2.   The summons previously issued by the clerk on December 21, 2020 is WITHDRAWN and the Clerk shall CANCEL the hearing scheduled for February 4, 2021.

3.   Because this court is without subject matter jurisdiction, this court will direct that the case be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal pursuant to Fed. R. Civ. P. 12(h)(3).

4.   The Court recommends that the District Judge to whom this case is reassigned that this action be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

IV.    REVIEW BY DISTRICT JUDGE

Leslie is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if she objects to this recommendation, she must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which

objection is made, and the basis for such objections. See Fed. R. Civ. P. 72.  Leslie is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

    /s/ Marianne B. Bowler
MARIANNE B. BOWLER
United States Magistrate Judge